UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| SPACE SHADOW LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COLLIERS NEVADA LLC,<br><br>　　　　　　Defendant. | Case No.: 2:25-cv-02065-GMN<br><br>ORDER |

Pending before the Court is the Amended Motion to Withdraw as Counsel, (ECF No. 7), filed by Appellant's counsel David J. Winterton. Appellant Space Shadow LLC filed a Response, (ECF No. 19), to which Winterton replied, (ECF No. 21). Further pending before the Court is Appellee Colliers Nevada LLC's Motion to Dismiss, (ECF No. 11). Appellant filed a Response, (ECF No. 17), to which Appellee replied, (ECF No. 22).

Because the Court lacks jurisdiction to hear this appeal, the Court GRANTS the Motion to Dismiss. Further, the Court DENIES as MOOT the Motion to Withdraw as Counsel.

I.     **BACKGROUND**

This action arises out of Appellant's voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 3, 2025, the bankruptcy court approved Appellee's Fee Application by entering the Order Approving the First and Final Application for Compensation of Colliers Nevada LLC as Real Estate Broker, ("Fee App Order"). (Mot. Dismiss at 3, ECF No. 11). On October 20, 2025, Appellee filed a notice of appeal from the Fee App Order. (Not. Appeal, ECF No. 333 in Case No. 23-14412-hlb). The next day, this Court received a Notice of Appeal from the bankruptcy court. (*See* Not. Appeal, ECF No. 1).

II.     **LEGAL STANDARD**

The Court's subject matter jurisdiction over appeals from bankruptcy court orders derives from 28 U.S.C. § 158(a), which provides, in relevant part, that district courts "shall have jurisdiction to hear appeals [] from final judgments, orders, and decrees" of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1); *see also Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999) (discussing jurisdiction). Unlike other types of cases, a bankruptcy case may encompass "numerous individual controversies," and bankruptcy courts often must "resolve discrete controversies definitively while the umbrella bankruptcy case remains pending." *Ritzen Grp., Inc. v. Jackson Masonry*, LLC, 589 U.S. 35, 38 (2020). Because delaying an appeal of a discrete controversy until the end of an entire bankruptcy case could "long postpone appellate review of fully adjudicated disputes," and "require the bankruptcy court to unravel later adjudications rendered in reliance on an earlier [defective] decision," *id.* at 38–39, "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case," *id*. at 39; *see also id.* ("In short, the usual judicial unit for analyzing finality in ordinary civil litigation is the case, but in bankruptcy, it is often the proceeding." (citation modified)).

"Under the Ninth Circuit approach, a bankruptcy court's order is final for purposes of immediate appeal under [28 U.S.C. § 158(a)(1)] if: (1) it fully and finally determined the discrete issue or issues it presented; and (2) the resolution of discrete issues seriously affected substantive rights." *See In re Linton*, 631 B.R. 882, 891 (9th Cir. BAP 2021), a*ff'd*, No. 21-60053, 2022 WL 17077498 (9th Cir. Nov. 18, 2022). Courts, however, only have jurisdiction to consider timely appeals of final bankruptcy court orders, which refers to appeals that are taken within 14 days. *See* Fed. R. Bankr. P. 8002(a). This is because "[t]he 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on

[a court's] authority to consider and hear appeals." *In re Wilkins*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

### III. DISCUSSION

Appellee moves to dismiss the appeal for lack of subject matter jurisdiction, arguing that the appeal is untimely. Appellee contends that the Fee App Order became final after its entry on October 3, 2025. (Mot. Dismiss at 4). It argues that a notice of appeal had to be filed within 14 days after October 3 (by October 17), and Appellee's notice of appeal, filed on October 21, was therefore late. (*Id.*). Appellant responds that on October 3 the bankruptcy court approved Appellee's fee application but seems to argue that the Fee App Order did not become final until Appellee filed a Notice of Entry of Order on October 20. (*See* Resp. at 2:2, ECF No. 17). Appellant therefore argues its October 21 appeal was timely. (*Id.*). But Appellant does not cite any case law or applicable rule to support its assertion that Appellee's Notice starts the clock, rather than the bankruptcy court's Order.[1]

Fed. R. Bankr. P. 8002(a)(1) is clear: "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court entered the Fee App Order on October 3, 2025. (Fee App Order, ECF No. 323 in Case No. 23-14412-hlb). As further evidence of the order's effective date, the Notice of Appeal filed by Appellant itself states that the Fee App Order was entered on October 3. (Not. Appeal, ECF No. 333 in Case No. 23-14412-hlb). Thus, Appellant's appeal filed on October 21, 2025, is untimely.

In the alternative, Appellant argues a retroactive extension of time should be granted pursuant to Fed. R. Bankr. P. 8002. (Resp. 3:5). Fed. R. Bankr. P. 8002(d) provides that "the

---

[1] The only authority that Appellant's Response cited in support of this point is Fed. R. Bankr. P. 8002(b). (*See* Resp. at 2:26–3:4). That part of Bankruptcy Rule 8002 deals with the effect of certain post judgment motions on the time to appeal. *See* Fed. R. Bankr. P. 8002(b). Since no such motions were filed in this case, Rule 8002(b) is inapposite.

bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed . . . within 21 days after that time expires if the party shows excusable neglect." But Appellant's alternative argument fails for three reasons. First, Appellant did not file a motion to extend time with the bankruptcy court. (*See generally* Case No. 23-14412-hlb). Second, under the applicable rule, Appellant was supposed to move for an extension by November 7, 2025.[2] But Appellant requested an extension on December 5, 2025. And third, Appellant summarily states that "there is excusable neglect in the inadvertent mis-calendaring of the deadline and the timing of the ultimate filing of the appeal." (Resp. 3:14–15). Appellant fails to meet its burden of establishing excusable neglect with such a conclusory statement. Thus, Appellant's request for an extension fails procedurally and on the merits.

In sum, the Court lacks jurisdiction to hear this appeal because the appeal is untimely. The Court therefore GRANTS Appellee's Motion to Dismiss.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss, (ECF No. 11), is **GRANTED**. Appellant's appeal is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Withdraw, (ECF No. 7), is **DENIED as MOOT**.

The Clerk of Court is kindly directed to close the case.

**DATED** this   15   day of December, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Even under Appellant's version of the timeline, the extension should have been requested by November 24, 2025.